Felicia McCollum and Tommy Howze ("the plaintiffs") sued Dynasty Housing, Inc., d/b/a Dynasty Homes, and its employees Harbert Lawler and Wes Lawler ("the defendants"), and Southern Energy Homes, Inc., on January 25, 1999, alleging a breach of warranty, breach of an implied warranty of fitness for a particular purpose, breach of an implied warranty of merchantability, breach of an implied warranty of habitability, negligent and/or wanton repair, and revocation of acceptance. The plaintiffs purchased a mobile home from the defendants that had been manufactured by Southern Energy.
On February 19, 1999, the defendants moved to compel arbitration, pursuant to an arbitration agreement that had been entered into by the parties. The court ordered arbitration, but it is not clear from the record when it was ordered. On April 28, 1999, the plaintiffs moved to stay the court proceedings pending the outcome of the arbitration proceedings and requested that the case be transferred to the administrative docket until the arbitration proceedings were completed. The trial court granted that motion on May 3, 1999.
On March 28, 2000, the plaintiffs entered into a pro tanto settlement and release with Southern Energy, for $20,000. On that same date, the plaintiffs and Southern Energy filed a joint stipulation, seeking a dismissal of the claims against Southern Energy with prejudice. The court granted the motion on April 3, 2000.
During the arbitration proceedings, the defendants placed into evidence the pro tanto settlement and release entered into between the plaintiffs and Southern Energy. The arbitrators entered the following order: "Majority of arbitrators find for plaintiffs on issue of negligence andtaking into account all sums previously recovered award Plaintiffs the sum of $25,000.00." (Emphasis added.) On October 10, 2000, the plaintiffs moved the court to enter a judgment based on the arbitration award. On that same date, the defendants moved the court for a set-off, contending that it was entitled to set off the amount of the pro tanto settlement ($20,000) entered into between the plaintiffs and Southern Energy, against the $25,000 awarded to the plaintiffs by the arbitrators. On November 16, 2000, the trial court entered a judgment in favor of the plaintiffs for $25,000. The court denied the defendants' motion for a set-off the following day.
The defendants argue that they are entitled to set off the amount awarded the plaintiffs in arbitration, against the amount the plaintiffs received from the pro tanto settlement with Southern Energy. We disagree. The arbitration agreement in question provides:
 "It is understood and agreed that the arbitrator or arbitrators shall have all powers provided by the law and the sales contract. These powers shall include all legal and equitable remedies, including but not limited to money damages, declaratory relief, and injunctive relief.
 "Arbitration may be initiated by Purchaser, Retailer, Manufacturer or *Page 75 
Lender sending written notice of the intention to arbitrate to the other parties and to the American Arbitration Association office having jurisdiction. The notice will contain a description of the claim, dispute or controversy and the remedy requested. The arbitration decision or award will be delivered in writing, with a summary of the reasons for the decision or award, and the decision or award shall be final and binding on all parties or successors and assigns."
General rules of contract interpretation apply to arbitration provisions. Universal Underwriters Life Ins. Co. v. Dutton, 736 So.2d 564
(Ala. 1999). Whether a contract is ambiguous is a question of law to be determined by the court. Allied-Bruce Terminix Cos. v. Dobson,684 So.2d 102 (Ala. 1995). The interpretation of a contractual provision is guided by the intent of the parties, which, absent an ambiguity in the provision, is evidenced by the plain language of the provision. Id.
We find no ambiguity in the arbitration agreement the parties entered into. It is clear that the arbitrators had the power to award money damages and that their decision or award was to be final and binding on all parties. The defendants placed the pro tanto settlement into evidence during the arbitration proceedings, and it is unquestionable that the arbitrators considered the pro tanto settlement in fashioning their award of $25,000 to the plaintiffs. The defendants cannot now escape the plain and unambiguous language of their own arbitration agreement and get a set-off of that award.
We also note that the defendants are precluded from seeking a set-off, by Morris v. Laster, 794 So.2d 1094 (Ala. 2001). In discussing the issue whether a defendant has the option of informing the jury of a pro tanto settlement, or, at his discretion, having the trial court address the issue of set-off, our supreme court stated:
 "Because the choice of how to raise a settlement as a defense rests squarely with the defendant, we think the defendant must be allowed the election of either
informing the jury of the settlement or choosing a postjudgment set-off performed by the trial court. Because the defendant must move to admit evidence of the settlement, as a corollary he should be able to choose not to admit the evidence and to have the trial court give effect to the pro tanto settlement after the verdict is returned."
Id., at 1103 (emphasis added). We construe Morris as permitting a defendant either to present to the jury evidence of a pro tanto settlement, or to seek a set-off from the court, but not both. As mentioned above, the defendants presented evidence of the pro tanto settlement to the fact-finder, in this case the arbitrators, and the arbitrators took this settlement into consideration when fashioning their award of $25,000 to the plaintiffs. Pursuant to Morris, the defendants cannot now come back for a "second bite at the apple" and seek an additional set-off from the trial court.
Accordingly, we conclude that the trial court properly entered the judgment in favor of the plaintiffs for $25,000 and properly denied the defendants' motion for a set-off.
AFFIRMED.
Crawley, Thompson, Pittman, and Murdock, JJ., concur. *Page 76